**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 13 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MANUEL LLAMAS PARADA; JESUS AYALA VALADEZ, | No. 19-71653 |
| Petitioners, | Agency Nos. A206-680-528 A206-680-527 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2023**
Pasadena, California

Before: WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

Jose Manuel Llamas Parada ("Petitioner Llamas Parada") and Jesus Ayala

Valadez ("Petitioner Ayala Valadez") are natives and citizens of Mexico. They

petition for review of an order of the Board of Immigration Appeals ("BIA")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

upholding the denial by the Immigration Judge ("IJ") of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014), we deny the petition.

1. Petitioners contend that they have a well-founded fear of future persecution in Mexico on account of their membership in their family.[1] The IJ and BIA rejected this claim, reasoning that even if the Llamas/Ayala family were a cognizable social group, Petitioners did not establish a sufficient nexus between the harm alleged and their membership in that social group. Substantial evidence supports that conclusion.[2]

Petitioners base their fear of persecution claim on threats from cartel members regarding Petitioner Llamas Parada's son. After cartel members

---

[1] Petitioners also argued before the IJ and BIA that they were unable to return to Mexico because of past persecution, but they have abandoned that argument on appeal. We therefore do not address it.

[2] Because we hold that this aspect of the BIA's reasoning is supported by substantial evidence, we need not address the BIA's conclusion, in the alternative, that Petitioner's family is not a cognizable "particular social group" under 8 U.S.C. § 1101(a)(42). We also need not address the alternative theory advanced by Petitioners before the IJ and BIA—that they feared future persecution based on a political opinion—because Petitioners have not "specifically and distinctly" advanced that argument in their petition to our court. *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (quoting *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003)).

threatened his son at his home in Jalisco, Petitioner Llamas Parada sent him to stay in Tijuana with his eldest daughter, who soon received a call from cartel members threatening to harm Petitioner Llamas Parada if he did not send his son back to Jalisco. Petitioner Llamas Parada also received a threatening text message. He then traveled with the rest of his immediate family, including Petitioner Ayala Valadez (his other daughter's partner), to Tijuana and then the United States. While Petitioners were in Tijuana, Petitioner Llamas Parada's daughter learned that cartel members had kicked in the doors of the family's house in Jalisco. Since Petitioners' arrival in the United States in 2014, they have not received any threats stating that they would be harmed if they returned to Mexico. Other extended family members still live safely in Mexico. The record therefore does not compel the conclusion that Petitioners have an objectively well-founded fear of future persecution as required for their asylum or withholding of removal claims. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("Under [the substantial evidence] standard, we must uphold the agency determination unless the evidence compels a contrary conclusion.").

Moreover, the record does not compel the conclusion that Petitioners demonstrated the requisite nexus between any feared harm and their membership in their family. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). The cartel's threats toward Petitioner Llamas Parada appear to have been

3

motivated by his removal of his son from Jalisco, not by Petitioners' familial status. Even if there were evidence that the cartel intended to target individuals who left and then returned to Mexico, such persecution would be based on those individuals' actions, not their family membership. *See Matter of L-E-A-,* 27 I. & N. Dec. 40, 43–44 (BIA 2017) ("If the persecutor would have treated the applicant the same if the protected characteristic of the family did not exist, then the applicant has not established a claim on this ground.").

2. Substantial evidence also supports the agency's determination that Petitioners are not eligible for CAT relief. Although Petitioners argue that the BIA failed to consider evidence describing corruption in law enforcement and widespread brutality by cartels, the IJ, whose decision the BIA adopted, considered this evidence. The agency nonetheless determined that Petitioners had not demonstrated that they would more likely than not be tortured with government acquiescence upon return to Mexico, or that they could not safely relocate within Mexico. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (holding that "generalized evidence of violence and crime in Mexico [that was] not particular to Petitioners [was] insufficient to meet [the CAT] standard"). That Petitioners have not faced any threats since 2014 also supports the agency's determination.

**PETITION DENIED.**

4